1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN M. NIETO,

        Plaintiff,

    v.

WARDEN GORDON, et al.,

        Defendants.

CASE NO. 1:20-cv-0291 JLT (PC)

**ORDER DIRECTING PLAINTIFF TO FILE A RESPONSE**
**(Doc. 1)**

**THIRTY-DAY DEADLINE**

17
18
19
20
21
22
23
24

    Plaintiff has filed complaint asserting constitutional claims against governmental employees. (Doc. 1.) The Court is required to screen these types of complaints (28 U.S.C. § 1915A(a)) and must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii). ["Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."]

25

**I.    Pleading Standard**

26
27

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

28

1 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2 do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

3 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I

4 v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

5 omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S.

6 at 678.

7        Prisoners may bring § 1983 claims against individuals acting "under color of state law."

8 See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that

9 each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d

10 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a

11 plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969

12 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

13 liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342

14 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short

15 of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

16 **II.**      **Plaintiff's Allegations**

17        While housed at California State Prison in Corcoran, California, Plaintiff alleges he was

18 assaulted and then denied medical care by Correctional Officers York, Diaz-Navarro, James, Reyes,

19 Marcheese, Gonzalez, Rivero, Vera, Vargas; Sergeant Analis; and Warden Gordon. Plaintiff seeks

20 injunctive relief and damages.

21        Plaintiff's allegations are brief. As best as the Court can determine, Plaintiff alleges that on

22 January 29, 2018, COs Diaz-Navarro, Marcheeze, Baeza, James, Gonzalez, Rodriguez, York, and

23 Sgt. Analis assaulted him while he was shackled and handcuffed. COs Vera and Rivero then dragged

24 Plaintiff to a holding cell within the gym where the assault continued by all the officers. It appears

25 that CO Vargas may have witnessed the assault but did not intervene. Finally, Plaintiff alleges that

26 he was denied medical care by the defendants after the attack.

27   *///*

28

2

1  **III.    Discussion**

2          **A.  Linkage**

3          Under § 1983, the plaintiff must demonstrate that each named defendant personally

4  participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77 Simmons v. Navajo

5  County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235

6  (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of

7  *respondeat superior*. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if

8  they "participated in or directed the violations, or knew of the violations and failed to act to

9  prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d

10  1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

11          Plaintiff has named Warden Gordon as a defendant but fails to link any allegations to him.

12  Thus, plaintiff fails to state a claim against Warden Gordon.

13          **B.  Eighth Amendment**

14                  **a.   Excessive Force**

15          When prison officials use excessive force against prisoners, they violate the inmates' Eighth

16  Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d

17  898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of

18  the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and

19  sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline.

20  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate

21  (1) the need for application of force, (2) the relationship between that need and the amount of force

22  used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to

23  temper the severity of a forceful response. Id. at 7; see also id. at 9-10 ("The Eighth Amendment's

24  prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition

25  de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the

26  conscience of mankind." (internal quotation marks and citations omitted)).

27          Plaintiff asserts sufficient allegations to state an Eighth Amendment excessive force claim

28

1    against these named defendants: (1) CO York, who is accused of choking Plaintiff, stomping on

2    his hip, and kicking him; (2) CO Diaz-Navarro for allegedly kicking Plaintiff's left rib cage 16

3    times and hitting Plaintiff on the head 3 times with a baton; (3) CO Marcheese for holding Plaintiff

4    down during the assault; (4) CO James and CO Gonzalez, each of whom is alleged to have spat on

5    Plaintiff, kicked him, and stomped him; (5) CO Rivero, CO Rodriguez, and CO Vera, who are

6    accused of stomping and kicking Plaintiff in the holding cell; and (6) Sgt. Analis, who is also

7    accused of stomping and kicking Plaintiff.

8    **b.  Failure to Protect**

9    A prison official may be liable under 42 U.S.C. § 1983 if he is aware that a fellow officer

10    is violating a prisoner's constitutional rights but fails to intervene. Cunningham v. Gates, 229 F.3d

11    1271, 1289 (9th Cir. 2000) ("[P]olice officers have a duty to intercede when their fellow officers

12    violate the constitutional rights of a suspect or other citizen."); see also Gaudreault v.

13    Municipality of Salem, 923 F.2d, 203, 207 n.3 (1st Cir. 1990) ("An officer who is present at the

14    scene who fails to take reasonable steps to protect the victim of another officer's use of excessive

15    force can be held liable under section 1983 for his nonfeasance."). The failure to intervene can

16    support an excessive force claim where the bystander-officers had a realistic opportunity to

17    intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003);

18    Cunningham, 229 F.3d at 1289; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

19    It appears that Plaintiff may be accusing CO Vargas of witnessing the assault but failing to

20    intervene. The allegations, however, are so vague that it is impossible to attribute any specific

21    conduct to this defendant. Plaintiff therefore fails to state a failure to protect claim.

22    **c.  Medical Indifference**

23    Where a prisoner's Eighth Amendment claims arise in the context of medical care, the

24    prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

25    indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth

26    Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and

27    the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059

28

1   (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th

2   Cir. 1997) (en banc).

3        A serious medical need exists if the failure to treat the condition could result in further

4   significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091,

5   1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of

6   facts from which the inference could be drawn that a substantial risk of serious harm exists, and

7   he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant

8   is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk

9   by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted

10  or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

11       In applying this standard, the Ninth Circuit has held that before it can be said that a

12  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

13  substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause

14  of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle,

15  429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating

16  a medical condition does not state a valid claim of medical mistreatment under the Eighth

17  Amendment. Medical malpractice does not become a constitutional violation merely because the

18  victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d

19  1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate

20  indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

21  1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support

22  a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

23       Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.

24  at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a

25  plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th

26  Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.

27  1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). "A

28

1   prisoner need not show his harm was substantial; however, such would provide additional support

2   for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner,

3   439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a

4   physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth

5   Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A

6   failure to competently treat a serious medical condition, even if some treatment is prescribed, may

7   constitute deliberate indifference in a particular case. Id.

8        Plaintiff's final claim is premised on the Defendants' alleged refusal to provide medical

9   care following the assault. This claim, too, is vague and conclusory, rendering it impossible to

10   determine who and in what manner any or all the Defendants were involved in this constitutional

11   violation; Plaintiff states only that "I was out of breath / denied medical treatment," Compl. 4, and

12   that "they denied medical treatment," id. 5. If Plaintiff chooses to amend his complaint, he is

13   directed to include additional details regarding this claim, including who specifically was

14   involved in the decision to deny care and how it came to be that he was finally seen by a medical

15   provider over a week after the assault, on February 8, 2018, as shown on a Health Care Services

16   medical record attached to the complaint that documents left rib fractures.

17   **IV.    Conclusion**

18        Plaintiff's complaint state a cognizable Eighth Amendment excessive force claim against

19   the following named Defendants: CO York, CO Diaz-Navarro, CO Marcheese, CO James, CO

20   Gonzalez, CO Rivero, CO Rodriguez, CO Vera, and Sgt. Analis. No other claims are cognizable.

21        The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson,

22   809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff does not wish to amend, he may instead file a

23   notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R.

24   Civ. P. 41(a)(1)(A)(i). Alternatively, Plaintiff may forego amendment and notify the Court that he

25   wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th

26   Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned

27   will issue findings and recommendations to dismiss the non-cognizable claims, Plaintiff will have

28

an opportunity to object, and the matter will be decided by a District Judge.

If Plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claim found to be cognizable, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claim. The undersigned will then recommend that his remaining claims be dismissed.

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. Generally, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).  Accordingly, the Court **ORDERS** that:

1. Within thirty days from the date of service of this order, Plaintiff must either (1) notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claim found to be cognizable in this order; (2) file a first amended complaint curing the deficiencies identified by the Court in this order, (3) file a notice of voluntary dismissal, or (4) file a notice of election to stand

1    on the complaint; and

2       2.  If Plaintiff fails to comply with this Order, the Court will recommend the action be

3        dismissed, with prejudice, for failure to obey a court order and failure to state a

4        claim.

5

6    IT IS SO ORDERED.

7    Dated:   **June 2, 2020**                           **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28