UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. NIETO,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN GORDON, et al.,<br><br>    Defendants. | CASE NO. 1:20-cv-0291 JLT (PC)<br><br>**ORDER TO ASSIGN DISTRICT JUDGE; FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS**<br><br>**(Doc. 11)**<br><br>**FOURTEEN-DAY DEADLINE** |

Previously, the Court screened the first amended complaint and found it stated the following claims: (1) an Eighth Amendment excessive force claim against Correctional Officers York, Diaz-Navarro, Marcheese, James, Gonzalez, Rivero, Rodriguez, Vera, and Analis; (2) an Eighth Amendment failure to protect claim against CO Vargas and CO Reyes; and (3) an Eighth Amendment medical indifference claim against CO James. Plaintiff's allegations were also sufficient to state an Eighth Amendment excessive force claim against CO Baeza, but it was unclear if plaintiff intended to proceed against this defendant because he was not named in the caption. No other claims were cognizable as pled, including an Eighth Amendment failure to protect claim against Nurse Chen and "Psych" Shiver. The Court required Plaintiff to file a response indicating whether he wished to proceed with the pleading as screened, whether he wished to dismiss this action entirely, or whether he wished to stand on his first amended

1 complaint.

2 Plaintiff has now filed a document titled "Second First Amended Complaint," which
3 addresses certain deficiencies identified in the screening order. Plaintiff confirms the allegations
4 against the aforementioned defendants, clarifies that he intends to proceed against CO Baeza, and
5 disputes the determination that he failed to state a failure to protect claim against Nurse Chen and
6 Psych Shiver (though admitting that Nurse Chen tried to intervene but was told by custody staff to
7 not get involved). (Doc. 13 at 4.)

8 In addition to the foregoing, plaintiff claims that his allegations against California State
9 Prison—Corcoran Warden Gordon are sufficient to proceed on a claim for failure to properly train
10 custody staff. (Doc. 13 at 2.) Warden Gordon was not named in the first amended complaint,
11 though he was named in the original complaint. Nonetheless, the Court notes that to state a § 1983
12 claim based on a failure to train, plaintiff must allege that Warden Gordon "was deliberately
13 indifferent to the need to train subordinates, and the lack of training actually caused the
14 constitutional harm or deprivation of rights." Flores v. County of Los Angeles, 758 F.3d 1154,
15 1159 (9th Cir. 2014), citing Connick v. Thompson, 563 U.S. 51, 58 (2011). Assuming that plaintiff
16 intended to file a second amended complaint, he was also required to allege a pattern of similar
17 constitutional violations because isolated incidents are insufficient to allege that Warden Gordon
18 was put on "notice that a course of training is deficient in a particular respect" and that "the
19 absence of such a course will cause violations of constitutional rights." Id. The "Second First
20 Amended Complaint" fails to allege any facts which if proven would support a § 1983 claim
21 against Warden Gordon.

22 Upon review of plaintiff's "Second First Amended Complaint," the Court construes it as a
23 notice of plaintiff's intention to stand on his first amended complaint. Accordingly, the court
24 DIRECTS the Clerk of Court to assign a district judge to this case; and

25 The court RECOMMENDS that this action proceed only on the claims found to be
26 cognizable in the December 17, 2020, screening order (Doc. 12). All other claims and defendants
27 should be dismissed for the reasons set forth in that order.

28

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 13, 2021**                       **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE