UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. NIETO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN GORDON, et al.,<br><br>　　　　Defendants. | No. 1:20-cv-00291-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING NON-COGNIZABLE CLAIMS<br><br>(Doc. Nos. 11, 15) |

Plaintiff John Nieto is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 17, 2020, the assigned magistrate judge screened plaintiff's first amended complaint, finding that it stated (1) a cognizable Eighth Amendment excessive use of force claim against defendants correctional officers York, Diaz-Navarro, Marcheese, James, Gonzalez, Rivero, Rodriguez, Vera, and Sergeant Analis; (2) a cognizable Eighth Amendment failure to protect claim against defendant correctional officers Vargas and Reyes; and (3) a cognizable Eighth Amendment medical inference claim against defendant correctional officer James. (Doc. No. 12 at 3–4, 6.) The screening order also found that plaintiff failed to state a cognizable Eighth Amendment failure to protect claim against Nurse Chen and "Psych" Shiver, and that plaintiff's allegations with respect to his remaining Eighth Amendment medical indifference claim were too

1

1   vague to proceed upon.  (Doc. No. 12 at 3–4, 6.)  The screening order provided plaintiff thirty
2   (30) days from the date of service of that order to file an amended complaint or to notify the
3   assigned magistrate judge that he wished to stand on his original complaint, subject to findings
4   and recommendations to the district judge consistent with the screening order.  (*Id.* at 6–7.)

5        On January 7, 2021, plaintiff lodged a "Second First Amended Complaint" that confirmed
6   his allegations against defendants, clarified that he intended to proceed against correctional
7   officer Baeza who was not named a defendant in the caption of the original complaint, disputed
8   that the first amended complaint failed to state a failure to protect claim, and asserted that his
9   allegations in the original complaint against California State Prison—Corcoran Warden Gordon
10  were sufficient to state a cognizable claim for failure to train custody staff.  (Doc. No. 13.)

11       On January 13, 2021, the assigned magistrate judge issued findings and recommendations,
12  construing plaintiff's "Second First Amended Complaint"  as a notice of plaintiff's intent to stand
13  on his first amended complaint and recommending the dismissal of plaintiff's § 1983 claim based
14  on a failure to train as well as the partial dismissal of his Eighth Amendment failure to protect and
15  medical indifference claims in accordance with the screening order.  (Doc. No. 15 at 2.)  The
16  findings and recommendations were served on plaintiff and contained notice that objections
17  thereto were to be filed within fourteen (14) days after service.  (*Id*. at 3.)  Plaintiff filed timely
18  objections on January 25, 2021.  (Doc. No. 16.)

19       In his objections, plaintiff does not directly address the deficiencies identified in the
20  pending findings and recommendations.  Instead, he states that he "wishes to stand on" his Eighth
21  Amendment excessive force and failure to protect claims and reiterates his intent to pursue his
22  Eighth Amendment excessive use of force claim against correctional officer Baeza in addition to
23  the other named defendants.  (Doc. No. 16 at 1.)  Plaintiff does not object to the dismissal of his
24  failure to train claim against Warden Gordon.  (*Id.*)  Plaintiff does, however, appear to object to
25  his "Second First Amended Complaint" being construed as a notice of his intent to stand on the
26  first amended complaint instead of it being construed as his second amended complaint.  (*Id.*)
27  However, the undersigned notes that the pending findings and recommendations did screen
28  plaintiff's failure to train claim brought against Warden Gordon as if it was alleged in a second

amended complaint, and found that plaintiff's "'Second First Amended Complaint' fails to allege any facts which if proven would support a § 1983 claim against Warden Gordon." (Doc. No. 15 at 2.) Plaintiff does not object to this finding. (Doc. No. 16 at 1.) Further, the "Second First Amended Complaint" does not contain additional factual allegations sufficient to remedy the deficiencies identified by the findings and recommendations in plaintiff's Eighth Amendment failure to protect and medical indifference claims even if that filing is construed as plaintiff's second amended complaint. (*See* Doc. Nos. 12 at 4, 6; 15 at 2.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations filed January 13, 2021 (Doc. No. 15) are adopted in full;
2. This case shall proceed on plaintiff's first amended complaint on the following claims:
    a. An Eighth Amendment excessive use of force claim against correctional officers York, Diaz-Navarro, Marcheese, James, Gonzalez, Rivero, Rodriguez, Vera, Analis, and Baeza;
    b. An Eighth Amendment failure to protect claim against correctional officers Vargas and Reyes; and
    c. An Eighth Amendment medical indifference claim against correctional officers James.
3. All other claims and defendants are hereby dismissed; and
4. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **February 2, 2021**                    _____
                                                UNITED STATES DISTRICT JUDGE