UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MOISES NIETO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN GORDON, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00291-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE**<br><br>14-DAY DEADLINE |

On January 13, 2021, the Court issued Findings and Recommendations construing Plaintiff's "Second First Amended Complaint" as notice of Plaintiff's intention to stand on his first amended complaint. (Doc. 15.) The Court recommended that this action proceed only on the claims found cognizable it its December 17, 2020, screening Order (Doc. 12), and that all other claims and defendants should be dismissed. (Doc. 15.) Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 16.) The Court conducted a *de novo* review of this case, including Plaintiff's objections, and entered an Order adopting the Findings and Recommendations in full and dismissing non-cognizable claims. (Doc. 17)

On February 3, 2021, the Clerk of Court served a copy of the Order on Plaintiff. However, on February 22, 2021, the U.S. Postal Service returned the mail as "Undeliverable, Return to Sender, Refused, Unable to Forward." To date, Plaintiff has not updated his address with the Court.

As explained in the Court's first informational order, parties appearing *pro se* must keep the Court advised of their current address. (Doc. 6 at 5.) Pursuant to the Local Rules, if mail directed to a *pro se* plaintiff at his address of record is returned by the U.S. Postal Service and the plaintiff fails to update his address within 63 days, the Court may dismiss his action for failure to prosecute. L.R. 183(b).

The Local Rules also provide that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Although more than 63 days have passed since the U.S. Postal Service returned the Court's screening order, Plaintiff has failed to notify the Court of his current address. Apparently, Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and Local Rules. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Accordingly, the Court RECOMMENDS that this action be DISMISSED without prejudice for Plaintiff's failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time

may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 19, 2021**__                    __/s/ Jennifer L. Thurston__
                                               CHIEF UNITED STATES MAGISTRATE JUDGE