UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MOISES NIETO,<br><br>      Plaintiff,<br><br>    v.<br><br>WARDEN GORDON, et al.,<br><br>      Defendants. | Case No. 1:20-cv-00291-DAD-JLT (PC)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION TO APPOINT COUNSEL**<br><br>(Docs. 26, 27) |

On February 3, 2021, the Court issued an Order Adopting Findings and Recommendations and Dismissing Non-cognizable Claims. (Doc. 17.) The order was served on Plaintiff by U.S. Mail. However, on February 22, 2021, the U.S. Postal Service returned the mail as "Undeliverable, Return to Sender, Refused, Unable to Forward." Under the Local Rules, if mail directed to a *pro se* plaintiff at his address of record is returned by the U.S. Postal Service and the plaintiff fails to update his address within sixty-three days, the Court may dismiss his action for failure to prosecute. L.R. 183(b).

After sixty-three days passed without notice of a change of address from Plaintiff, the Court issued findings and recommendations to dismiss the action for failure to prosecute. (Doc. 26.) Plaintiff filed objections to the findings and recommendations, advising that he did not receive a copy of the order and that he has been at the same address for over a year. Accordingly, the Court **VACATES** its findings and recommendations. (Doc. 26.)

In his objections, Plaintiff requests the appointment of counsel. (Doc. 27 at 2.) Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The Court may request the voluntary assistance of counsel under section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.*

In the present case, the Court does not find the required exceptional circumstances. Even assuming that Plaintiff is not well-versed in the law and that he has made serious allegations, which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. At this early stage in the proceedings, the Court cannot determine that Plaintiff is likely to succeed on the merits. Moreover, based on a review of the record, the Court finds that Plaintiff can articulate his claims adequately. *Id.*

Accordingly, the Court **DENIES** Plaintiff's request for court-appointed counsel. (Doc. 27.)

IT IS SO ORDERED.

Dated: __June 9, 2021__          ___ /s/ Jennifer L. Thurston
                                    CHIEF UNITED STATES MAGISTRATE JUDGE