UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. NIETO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YORK,<br><br>　　　　　Defendant. | Case No. 1:20-cv-00291-BAK-GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 47) |

On January 28, 2022, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 47.) Plaintiff argues that he needs counsel "for civil argument etc.," and requests instructions on "how to file final cop[ies] and or powerful words" against the previously assigned magistrate judge. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). The Court may request the voluntary assistance of counsel under section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Id.

Plaintiff fails to demonstrate good cause or exceptional circumstances which would warrant appointment of counsel. Even assuming that Plaintiff is not well-versed in the law, and that he has made serious allegations, which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. At this stage in the proceedings the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Moreover, based on a review of the record, the Court finds that Plaintiff is able to articulate his claims adequately. *Id.* Plaintiff's first amended complaint has survived screening and the dispositive motion deadline. Therefore, under these circumstances, Plaintiff has failed to demonstrate the need for counsel to prosecute this action effectively.

The instant motion is Plaintiff's third request for counsel. (ECF Nos. 27, 41, 47.) The Court has found each time that Plaintiff failed to demonstrate exceptional circumstances. (ECF Nos. 31, 42.) The first two motions were denied, and the third motion is denied herein. Should Plaintiff file a fourth request for the appointment of counsel, Plaintiff must demonstrate a change of circumstances that would make this case sufficiently serious and exceptional to warrant the Court's assistance in obtaining voluntary counsel.

To the extent that Plaintiff requests "instructions on how to file final cop[ies] and or [sic] powerful words . . . against" the assigned magistrate judge, the Court is unable to ascertain what kind of documents, exactly, Plaintiff seeks to file. Moreover, Plaintiff cites to no rule of procedure or statute that authorizes the relief he seeks. Therefore, this request for instructions is denied.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for the appointment of counsel, (ECF No. 47), is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 7, 2022**                             **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE

2