UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MOISES NIETO,<br><br>        Plaintiff,<br><br>    v.<br><br>YORK, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00291-JLT-BAK (GSA) (PC)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 57) |

      On July 25, 2022, Plaintiff filed a fourth request for the appointment of counsel.[1] (ECF No. 57.) As grounds, Plaintiff advises that he was found incompetent in superior court. (Id.)

      Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). The Court may request the voluntary assistance of counsel under section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits and the ability of the Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Id.

---

[1] (*See* ECF Nos. 27, 41, 47, *denied by* ECF Nos. 31, 42, 48, respectively.)

Plaintiff's first amended complaint and the instant motion do not indicate exceptional circumstances that warrant appointment of counsel.  Even assuming that Plaintiff is not well-versed in the law and that he has made serious allegations, which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily and construes *pro se* pleadings liberally. Moreover, based on a review of the record, the Court finds that Plaintiff is able to articulate his claims adequately.  Id.

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for the appointment of counsel, (ECF No. 57), is DENIED.

The Court further **ORDERS** Plaintiff to stop filing duplicative, failed motions.  The practice burdens the docket and interferes with the Court's ability to consider pending matters.  Failure to comply with this Order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: __**August 2, 2022**__            __/s/ Gary S. Austin__
                                   UNITED STATES MAGISTRATE JUDGE