1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| JOHN M. NIETO, | Case No. 1:20-cv-00291-JLT-CDB (PC) |
| Plaintiff, | ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE OBJECTIONS |
| v. | |
| WARDEN GORDON, *et al.*, | (Doc. 67) |
| Defendants. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| | (Docs. 47, 66) |
| | Clerk of Court to close the case. |

Defendants filed a motion for summary judgment. (Docs. 52, 53.) Because the plaintiff had not responded to the motion, the Court ordered him to respond to the MSJ within thirty days by filing of an opposition or statement of non-opposition. (Doc. 56). Instead, Plaintiff filed a document titled, "TO RESPONSE ON (GSA) MAGISTRATE JUDGE ALSO TO WHOM THE COURT CONCERNS." (Doc. 59.) Because the filing did not address issues of fact and law raised in the Defendants' motion for summary judgment, the Court did not construe the filing as a response.

On March 22, 2023, the assigned magistrate judge issued findings and recommendations to grant Defendants' motion for summary judgment (Doc. 52), which was deemed unopposed. (Doc. 66.) Therefore, the magistrate judge considered Defendants' version of the facts as

undisputed and the supporting declarations unchallenged. The evidence demonstrated Plaintiff failed to exhaust administrative remedies before filing the complaint. Additionally, Defendants established they were entitled to judgment as a matter of law on Plaintiff's claims of Eighth Amendment excessive force, failure to protect, and medical indifference. (*Id.*) Ultimately, the magistrate judge recommended granting the motion for summary judgment on the latter ground. (*Id*. at 9.)

Under the prison mailbox rule,[1] Plaintiff filed a motion for an extension of time to object to the findings and recommendations on March 30, 2023 (the date he memorialized as having signed the motion), which was docketed by the Clerk of Court on April 11, 2023. (Doc. 67.) On April 5, 2023, Plaintiff signed and transmitted objections to the findings and recommendations (which also were docketed on April 11, 2023). (Doc. 68.) On April 28, 2023, Defendants filed a response in opposition to Plaintiff's request for an extension of time and objections based on untimeliness of the filings. (Doc. 70.) Because the findings and recommendations were filed and served on March 22, 2023, and Plaintiff's objections were filed on April 5, 2023, Plaintiff's objections were timely filed. *See* Fed. R. Civ. P. 6(d) (extending service time by three days where service is made by mail). Accordingly, Plaintiff's motion for an extension of time is denied as moot. (Doc. 67.)

The Court has construed the *pro se* pleading liberally and viewed any inferences drawn from the underlying facts in a light most favorable to Plaintiff as the non-moving party. Upon review, the objections, which are highly convoluted, do not undermine the magistrate judge's reasoning and conclusions.

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations are supported by the record and proper analysis. Defendants have demonstrated that there are no genuine issues of material fact and that they are entitled to

---

[1] Under the prison mailbox rule, a prisoner's pleadings are deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights actions).

judgment as a matter of law. Thus, the Court ORDERS:

1. The findings and recommendations filed on March 22, 2023 (Doc. 66), are **ADOPTED IN FULL**.
2. Plaintiff's request for an extension of time to file objections to the findings and recommendations (Doc. 67) is **DENIED AS MOOT**.
3. Defendants' motion for summary judgment (Doc. 47) is **GRANTED**.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 15, 2023**

UNITED STATES DISTRICT JUDGE